STATE ex rel. MRS. B. B. TATUM, Relator, v. HENRY M. RAMEY, Judge, etc., Respondent.

Kansas City Court of Appeals, January 11, 1909.

DIVORCE: Final Decree: Custody of Children: Modification: Statutory Construction: Hearing: Prohibition. Relator obtained a divorce as the innocent and injured party with decree for the care and custody of her children. Later, and after her remarriage, her former husband made application to have the decree modified as to the custody of the children and after one or more continuances the hearing was continued to a day fixed, but the order of continuance also transferred the custody of the children to the husband's father. Held, the decree as to the custody of the children was final until modified after a hearing and so much of the order con-

tinuing the hearing as related to the custody of the children was beyond the jurisdiction of the court and proceedings thereunder could be restrained by prohibition.

## Original Proceeding by Prohibition.

WRIT MADE ABSOLUTE.

*James W. Boyd, Rusk & Stringfellow* for relator.

*Allen, Gabbert & Mitchell* for respondent.

ELLISON, J.—This proceeding was instituted in this court to obtain a writ of prohibition against the respondent, who is a judge of the circuit court for Buchanan county, prohibiting him from interfering with the care and custody of relator's two minor children, who are now in her care and under her control. A temporary writ was issued returnable to the Court of Appeals to be in session on the 17th of December, 1908. On that day the respective parties were heard and we now proceed to dispose of the case.

It appears that relator and W. T. Davis were formerly husband and wife and that of their marriage was born the two children, the subject of the present controversy. One of these children is now between ten and eleven and the other between twelve and thirteen years old. In January, 1908, relator obtained a final decree of divorce from Davis, for his fault, with two hundred dollars per month alimony and the care, custody and control of the two children. After the term at which this decree was made had passed, viz.: on the 30th day of October, 1908, Davis made application to the circuit court of which respondent is the judge, for a modification of that part of the decree relating to the care and custody of the children.

Prior to this application to modify, relator had intermarried with B. B. Tatum and at the time the

application was made they were residing, with the children, at the Baltimore Hotel in Kansas City, Mo. The application was set down for hearing on the 7th of November, 1908. On that day relator asked and obtained a continuance until the 30th of that month. On the latter day she filed her written application for a continuance, which was granted and the application continued to the January term, 1909. The action taken by the court in connection with granting this continuance is the cause of the present controversy, and is the foundation upon which the temporary writ of prohibition was issued.

It appears from statements in the application for continuance that relator was seriously ill and confined to her rooms in the hotel at Kansas City and that she probably would be under the necessity of a serious surgical operation. It appears that the court in making the order of continuance, which, ordinarily, is a short and formal entry, coupled with it and as part of it, a lengthy order, with reasons therefor, as to the care of the children, in which their care and custody was changed from the relator to W. T. Davis' father, living in Buchanan county.

Passing by any criticism on the effort made by the applicant to take from the mother at this particular time, in her dire distress and serious sickness, her two daughters, old enough to encourage her despondent situation and minister to her wants, and whose mere presence doubtless has given her strength and fortitude, we will take up the mere legal aspect of the case as it has been presented.

When relator, as the injured and innocent party, obtained her decree of divorce and the care and custoday of her two daughters, and the term passed, and sixty days expired, it was a final decree in all respects as to the divorce and also as to the custody of the children, save as to the latter, by force of the statute (sec. 2932, Revised Statutes 1899) power is reserved in the

court to change the decree. Until changed it is a binding judgment and cannot be disturbed except upon a regular proceeding and hearing for that purpose. The situation as it existed when the decree was rendered is conclusively determined by the decree. A change of the decree, as authorized by the statute, can only be made where new facts have developed or a change in the situation has occurred which makes it proper. To ascertain this there must be notice to the parties and a hearing had. [Diedesheimer v. Diedesheimer, 74 Mo. App. 234; West v. West, 94 Mo. App. 683; Cole v. Cole, 89 Mo. App. 233.]

In this case, as already intimated, due application was made to change the decree as to the custody of the children; the parties duly appeared by counsel and the case was set down for a hearing at a day certain. On that day the hearing was continued to another day and on the latter day application to continue the hearing was made and *granted*. But the court went further and changed the decree, without a hearing of the application to change it, for *that* was the matter continued; and continued too, for the reason that this relator was so seriously ill as to be unable to be present or to show her side of the case.

But it is urged that the record of the order of continuance does show a hearing. We concede that it contains certain sentences or expressions, which, if separated from patent facts of record, disclosed in the order itself, might show what is claimed. But taking the record as it is, these expressions are palpably meaningless. If the hearing of a matter is in fact continued and so stated of record, it is quite idle to say in the next breath the hearing was had. While the court had jurisdiction of the application to change the decree, we are satisfied that in changing it at the time and in the manner stated, it acted without legal right and exceed-

ed its jurisdiction. [State ex rel. v. Fort, 210 Mo. l. c. 525.]

The writ is therefore made absolute. The other judges concur.