BERNICE BURGESS v. BYRON BURGESS.—190 S. W. (2d) 282.

Kansas City Court of Appeals.   November 5, 1945.

*Francis G. Hale* for appellant.

*Alan F. Wherritt* for respondent.

CAVE, J.—This is an appeal from an order of the trial court modifying a prior order for the custory of the minor child of appellant and respondent.

On December 5, 1938, the court had granted a divorce to this appellant, Byron Burgess, from this respondent, Bernice Burgess, and in that decree awarded the custody of their infant child, Charles Rothwell Burgess, to Mr. and Mrs. Charles J Burgess, the father and mother of Byron Burgess. In the divorce proceeding Byron Burgess was represented by the law firm of Lawson & Hale. On September 7, 1939, the order of the court awarding the custody of the child was modified to permit the mother (respondent) to have the custody over and during the week-ends. That order continued in effect until the order was entered, of which complaint is made on this appeal.

On August 4, 1944, Bernice Burgess (respondent) served on Lawson & Hale, attorneys, a copy of her motion to modify the original divorce decree pertaining to the custody of the minor child and to her award her the custody of said child. There was attached to the motion a notice to said attorneys that the motion would be presented to the court on September 12, 1944. Among other things, the modern recited that Byron Burgess was in the military service of the United States ". . . and petitioner requests the court to appoint some person to represent the interests of said defendant, and petitioner states that since the custody of said child has not been granted to defendant that no ill result can come to defendant by reason of the change of custody from his parents." The court did not appoint any person to represent the interests of the defendant.

The notice served and the acknowledgment thereon are:

"To Lawson & Hale, Attorneys of record for Byron Burgess, Charles R. Burgess, Sr., and Mrs. Charles R. Burgess, Sr.

"You and each of you are hereby notified that Bernice Gentry, formerly Bernice Burgess, has filed a motion to modify a divorce decree in the case of Bernice Burgess, Plaintiff, v. Byron Burgess, defendant, number 15356, lately pending in the Circuit Court of Clay County, Missouri, and she will present said motion to the Honorable James S. Rooney, Judge of the Circuit Court of Clay County, on Tuesday, September 12, 1944, for a hearing and his consideration, at 10:00 A. M. in the Court House in Liberty, Missouri.

"Alan F. Wherritt,

"Attorney for Bernice Gentry,

formerly Bernice Burgess.

"Received copy of the foregoing notice and motion this 4th day of August, 1944.

"Lawson & Hale,

"Attorneys."

Francis G. Hale, a member of the law firm of Lawson & Hale, as Chairman of the War Work Committee of the Clay County Bar, acting *ex-officio*, filed in said cause an univerified motion for stay for proceedings, on the ground that appellant (Byron Burgess) then was, and for more than two years next prior thereto had been, in active

service in the United States Army, could not be present to assist in the hearing of said motion, and alleging that appellant had information vital to the presentation of the motion, and that such information was available from no other source, and asking that the hearing on said motion be·stayed under the Soldiers' and Sailors' Relief Act. The court, on that day, overruled the motion to stay. Neither appellant nor Mr. Hale filed any further pleading to respondent's motion.

On October 14, 1944, the matter was called for hearing and Mr. Hale appeared and stated to the court: ". . . I am appearing in this matter as Chairman of the Bar Committee of this county for War Work and in that capacity I appear on behalf of defendant, Byron Burgess, who is a soldier in the United States Army, in active service, who cannot be present at this hearing, participate in it, aid in it by any information that he has, and I ask the Court to stay this proceeding for that reason under the provisions of the Soldiers and Sailors Relief Act." The request was denied and the cause ordered to trial. Mr. Hale remained and participated in the cross-examination of respondent's witnesses and also called Mrs. Charles Burgess as a witness.

At the conclusion of the hearing the court found that the circumstances existing at the time of the granting of the divorce to Byron Burgess and the placing of the custody of the infant child in Mr. and Mrs. Charles Burgess,· had changed and that it would be to the best interest of said child for him to be placed in the custody of his mother and entered judgment accordingly, with the right in Byron Burgess and Mr. and Mrs. Charles J. Burgess to visit with and see said infant child at all reasonable hours and times.

Since the appellant does not question the sufficiency of the evidence to support the order of the court in so far as Bernice Burgess, the mother, being a fit and proper person to have the custody of the minor child, we deem it unnecessary to lengthen the opinion by detailing such evidence.

There are but two vital questions presented on appeal: (1) Was the service of the notice on Lawson & Hale, *attorneys of record in the original divorce proceedings,* sufficient to give the court jurisdiction of the appellant for the purpose of modifying that decree, and (2) did the trial court abuse its discretion in refusing to stay the proceeding because appellant was in the military service and could not be present at the hearing?

It is the settled law of this state that a court can, at a subsequent term, modify a divorce decree pertaining to the custody of minor children if a proper notice is given to the person to be adversely affected by such modification. [Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. (2d) 821; Laumeier v. Laumeier, 308 Mo. 201, 271 S. W. 481; Fernbaugh v. Clark, 236 Mo. App. 1200; North v. North,

339 Mo. 1226.] A motion for such modification *"is in the nature* of an independent proceeding, and the motion is treated as a petition in an original action." [North v. North, *supra*, 1236, and cases cited.] This does not mean a summons in the usual form must be issued and served but only that reasonable notice be given. The notice may be served on the opposite party or his attorney.

Respondent contends that the motion seeking to change the custody of the child is merely a continuation of the original divorce proceeding, and that the trial court had retained jurisdiction for the modification of the judgment concerning such custody until the child reached its majority. As we have said, there can be no doubt about the trial court having such jurisdiction, but this does not dispense with the necessity of a proper notice being given of a motion to make such modification. From such premises respondent argues, and tried the case in the lower court on the theory, that because the trial court had retained such jurisdiction the service of the notice on Lawson & Hale, who were the *attorneys of record* for appellant in the original divorce proceeding some five years before, and their failure specifically to deny that they continued to represent appellant, is proper and sufficient notice to authorize the court to make the modificaion, which was made in this case.

To support that contention respondent relies upon the opinion in State ex rel. Shoemaker v. Hall (Mo.), 257 S. W. 1047; but, as pointed out by this court in Fernbaugh v. Clark, *supra*, and by the Supreme Court in Laumeier v. Laumeier, *supra*, and State ex rel. v. Falkenhainer, 309 Mo. 224, the opinion in the Shoemaker case cannot be considered as declaring the law to be that the service of notice on the attorney in that case was sufficient to confer jurisdiction, because there was a dissent by two judges, a concurrence in *result only* by three judges, and the seventh judge did not vote. In the Fernbaugh case we held that a majority of the court in the Shoemaker case did not hold, or intend to hold, ". . . . that an attorney, who was once an attorney in a divorce case in which the judgment had become final, was competent to receive notice and service of process in behalf of this former client in a new and independent proceeding to modify a decree affecting the custody of a child, and was so competent merely from the fact that he had previously been an attorney of record, and without any showing of his reemployment or authority to act in the new proceeding." After our opinion was delivered in the Fernbaugh case, the losing party applied to the Supreme Court for writ of *certiorari* because of conflict, and the Supreme Court denied the writ. In State ex rel. v. Falkenhainer, *supra*, in referring to the Hall case, the Supreme Court said, l. c. 235: "It must be noted that there were several theories in that case, of which the appearance at the taking of depositions was one. The three concurring judges (necessary to make a judgment) only concurred

in the result, so that no law was made by the opinion, unless it be in the per curiam opinion, in which there was an unrestricted concurrence of five judges." The *per curiam opinion* did not relate to the service of notice on an attorney of record in the original case.

We believe the rule is that, with respect to after-judgment motions served on an attorney of record in the original proceedings, the mover has the burden of proving that the attorney so served is the attorney for such litigant at the time of the service of the notice. This is explicitly held in Konta et al. v. St. Louis Stock Exchange et al., 150 Mo. App. 617. It is true in that case the motion was for judgment on a surety bond but it was, nevertheless, an after-judgment motion, and that is the situation in the present case. We can see no reason for a different rule in a divorce case than in any other case which requires the filing of a motion for affirmative relief after judgment in the original proceeding.

In the Fernbaugh case we quoted with approval, and cited authorities to support the same, this general principle of law, l. c. 1006: "The presumption of law being that the relationship between an attorney and his client ceases with the termination of the litigation for which the attorney was retained, no notice to him after final judgment is binding on his client except notice of appeal, or of a similar proceeding, in that particular suit."

Respondent ably and vigorously argues that Mr. Hale should have specifically stated that he did not represent the appellant at the time the notice was served on him. In oral argument in this court the attorneys made certain statements concerning what was said at that time, but we do not find any such matter in the record and give it no consideration. However, if, as we have held, the burden was on respondent to prove that Mr. Hale was then the attorney for appellant, his mere silence did not relieve her of that burden. He did not acknowledge service of the notice as *Lawson & Hale, attorneys for appellant,* but merely acknowledged it as *Lawson & Hale, attorneys.* When he filed his application to stay the proceedings he appeared only as *Chairman of the War Work Committee* of the Clay County Bar and did not claim to be representing the appellant as his personal attorney. We do believe the trial court should have been given more facts with reference to whether Mr. Hale represented the appellant as his attorney, but, as far as this record is concerned, no effort was made to ascertain that fact. Apparently the case proceeded in the lower court and is presented here on the theory that because Mr. Hale had been attorney for appellant in the original divorce proceeding, he was presumed to have continued to be such attorney so long as the trial court had jurisdiction to modify any part of the divorce decree unless Mr. Hale affirmatively disclaimed the relationship of attorney and client. Such theory is unsound and not supported in law.

396

There being no evidence in the record that Mr. Hale continued to be appellant's attorney after the divorce decree or that he had been reemployed to represent appellant on the motion to modify the same, we are constrained to hold that the notice served on such attorney did not give the trial court jurisdiction of the appellant and, therefore, the order modifying the divorce decree as to the custody of the minor child, was improvidently made. Since respondent may be able to supply proof that Mr. Hale is appellant's attorney, or secure proper service of her motion, we think the cause should be remanded.

Since the question of staying the proceeding because appellant is in the military service will not likely arise on rehearing, we do not decide that question.

It follows that the judgment should be reversed and the cause remanded for further proceedings in accordance therewith. All concur.