Charles E. DODDS, Respondent,

v.

Wilma Ruth DODDS, Appellant.

No. 22979.

Kansas City Court of Appeals.

Missouri.

Nov. 2, 1959.

Jerome B. Stone, Goodman, Stone & Taxman, Kansas City, for appellant.

Clyde G. Meise, Albert Kiesow, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal from the judgment of the trial court overruling appellant Wilma Ruth Dodd's motion to set aside a modi-fication order reducing alimony. Appellant urges the trial court erred in its modification order in that (1) it was made without the benefit of hearing any evidence and (2) without lawful notice to appellant that a motion to modify had been filed and was to be taken up by the court.

In March, 1948, in Division 6 of the Circuit Court of Jackson County, appellant was granted a divorce from respondent and $150 per month alimony. On September 6, 1956, respondent filed his motion to modify the decree by reducing the alimony allowance to $50 per month. According to the transcript proof of service of the motion and notice that it was to be taken up on September 28, 1956, consists of the following:

1. A post office department registered mail return receipt dated September 10, 1956, certified No. 6771808, Name of sender, Dennis B. Sheehy, showing: "Received from the postmaster the registered, certified, or insured article, the number of which appears on the face of this receipt.

"(Signed): Wilma Dodds by J. Burns, "Date of Delivery: 9/11/56."

2. The mentioned motion to modify and notice upon which there appeared the following notation: "Mailed copy hereof and motion this 6th day of September, 1956, to Wilma Ruth Dodds, Delmar Hotel, 5046 Winthrop, Chicago, Illinois. (Signed) Dennis B. Sheehy, Attorney for plaintiff."

On September 28, 1956, in accordance with the mentioned notice, the motion for reduction of alimony was taken up by the court. Respondent appeared in person and with his attorney. Appellant, who lived in Chicago, Illinois, did not appear in person or by attorney.

Apparently no testimony or evidence was taken at the "hearing" for no witnesses were sworn and no one testified. The court reporter could not find any notes concerning the hearing. The trial judge had no independent recollection of the hearing. The respondent conceded that although he was present he was not sworn and did not testify. Nor did he see any one testify. He did see his attorney talk with the judge. No one else was present who knew anything about the case. The court's order

making the modification read in part: "Plaintiff's motion for reduction of alimony is by the court taken up, heard and by the court sustained."

On November 5, 1958, appellant filed her motion to set aside the September 28, 1956 order reducing the alimony, which on November 21, 1958, was overruled. This appeal followed a timely but unsuccessful motion for new trial.[1]

The circuit court in a divorce proceeding does not lose its jurisdiction by the entry of its original decree but retains a limited jurisdiction to modify that decree. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323. Section 452.070 RSMo 1949, V.A.M.S. reserves power in the trial court to make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper.

Until the decree is modified in accordance with law it is a binding judgment and cannot be disturbed except upon a regular proceeding and hearing for that purpose. One requirement is that the party to be adversely affected be provided reasonable and proper notice of the motion for modification and the time it is to be called up for hearing. While the motion to modify is treated as in the nature of a petition in an original action, summons in the usual form need not be issued and served, the requirement being, as stated, that reasonable and proper notice be provided. Burgess v. Burgess, 239 Mo.App. 390, 190 S.W.2d 282; Fernbaugh v. Clark, 236 Mo.App. 1200, 163 S.W.2d 999.

Thus, as to nonresidents, where jurisdiction over the parties has been obtained and a divorce and alimony granted and one of them later applies for a modification of the alimony provisions of the judgment the court's power to modify the award may be exercised upon reasonable and proper notice, other than personal service within the court's jurisdiction, even

1. See, Section 511.250, RSMo 1949, V.A.M.S.

though the person to be notified is a nonresident at that time. See Annotation, Alimony-Modification-Notice, 62 A.L.R.2d 544, ff.

In 1945 our Supreme Court, as a supplement to Sec. 5, 1943 Act, Civil Code [Section 506.100 RSMo 1949, V.A.M.S.], in its rule 3.03(b), 42 V.A.M.S., provided: "Nonresidents. When neither the adverse party nor his attorney reside in this state, and the attorney does not maintain an office in this state at which service can be made, service of any pleading, motion, notice, order or other paper, not required by statute, rule or order to be otherwise served, may be made by mailing a copy thereof to such party or his attorney by registered mail, and such service may be shown by affidavit."

 In the case before us there is no affidavit showing service by registered mail. The unsworn notation on the notice calling up the motion is not a compliance with Supreme Court Rule 3.03(b) allowing the registered mail service to be shown by affidavit. The appellant did not appear, and there is no showing that she received the motion to modify and notice calling it up. The introduction into evidence of a registered mail return receipt signed by someone other than appellant and not shown to be an acknowledgment of receipt by appellant or even of a mailing to appellant of the motion and notice is of no aid to respondent who must prove proper notice. Appellant's contention that she was not served with a copy of the motion to modify alimony and notice to take same up as required by law is meritorious.

Additionally, a modification of a divorce decree as authorized by the mentioned statute can be made only where new facts have developed or a change in the situation has occurred which makes it proper. To determine this, according to the general rule, in addition to a motion stating the necessary facts and proper notice to the parties there must be a hearing thereon. Lane v. Lane, Mo.App., 292 S.W. 1066; State ex rel. Tatum v. Ramey, 134 Mo.App.

722, 115 S.W. 458; Simms v. Simms, Mo., 253 S.W.2d 814; Foster v. Foster, Mo.App., 300 S.W.2d 857. The movant may be successful only upon proof of new facts, conditions, and circumstances coming into existence since the rendition of the original decree justifying the requested modification. Hayes v. Hayes, supra; 27B C.J.S. Divorce § 280; 17A Am.Jur., Divorce and Separation, Sec. 850. The burden of proof is upon the party seeking the modification. Seigfreid v. Seigfreid, Mo.App., 187 S.W.2d 768.

Because of the failure to prove service on appellant of the motion to modify and notice calling it up and the absence at the required hearing of any evidence to support the modification order the trial court was without authority to modify the divorce decree. This cause is reversed and remanded. It is so ordered.

All concur.