Juanita Kirby **WILLIAMSON**, Plaintiff (Respondent),

v.

William LeRoy **WILLIAMSON**, Defendant (Appellant).

No. 30307.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1960.

Fred A. Gossom, St. Louis, for defendant-appellant.

No counsel for plaintiff-respondent.

DOERNER, Commissioner.

This is an appeal from an order overruling defendant's motion to modify a decree of divorce. On November 10, 1955, the Circuit Court of St. Louis County rendered a decree granting plaintiff a divorce, custody of the parties' three minor children, with the right to keep the children in the State of Georgia, alimony in gross, and $160 per month for the support of the children. As to the motion under consideration, it is

sufficient to say that defendant alleged therein that a change had occurred in the status of two of the children since the decree was rendered; that he was ill and unemployed; that his income had been sharply reduced; and that defendant prayed that the decree as to support of the children be modified accordingly.

Attached to the motion filed by defendant was a notice to plaintiff informing her that defendant would present the motion for hearing on November 21, 1958. The notice bears the following return:

"I hereby certify that I served the above notice together with a copy of the 'Defendant's Motion to Modify Decree of Divorce granted November 10, 1955' by delivering a copy of such notice and said motion to the above named plaintiff, Juanita Kirby Williamson on the 6th day of November, 1958 in the City of Atlanta, County of Fulton and State of Georgia.

"(Signed) D. E. Tatum
"Deputy Sheriff of Fulton
County, Georgia."

Defendant's motion to modify was heard by the trial court on the day stated in the notice, November 21, 1958, and evidence was adduced in support thereof. Plaintiff made no appearance, either in person or by counsel. At the conclusion of the hearing the court took the matter as submitted, and thereafter, on December 18, 1958, entered an order overruling defendant's motion "because of defective service." After an unavailing motion for a new trial defendant appealed.

Plaintiff likewise did not appear in this court, nor has any brief been filed on her behalf. Thus, we are left in doubt as to the basis of the lower court's action, except by what we may glean from its use of the phrase "defective service" in its order. Defendant's brief proceeds on the assumption that the basis of the trial court's action was that actual delivery of the copy of the motion to modify the decree, and of the notice, was invalid because made to plaintiff in Georgia, the state of her residence. Assuming that this was, in fact, the reason for the lower court's ruling, we consider that question first.

The statute which gives a court jurisdiction to subsequently modify a decree of divorce respecting an allowance for the support of children, Section 452.070 RSMo 1949, V.A.M.S., does not state the procedural steps which must be followed in such a proceeding, other than that such a modification may be made "on the application of either party." Nor are the provisions of our Code of Civil Procedure precisely applicable. Section 506.100 RSMo 1949, V.A.M.S., relates only to a pleading subsequent to the original petition, written motion, written notice and a similar paper "which by statute, court rule or order is required to be served." But by judicial decision such a motion has been held to be, at least from the procedural standpoint, in the nature of an independent proceeding. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323. Thus the application or motion is treated as a petition in an original action. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; Wilton v. Wilton, Mo.App., 235 S.W.2d 418; Burgess v. Burgess, 239 Mo.App. 390, 190 S.W.2d 282. The motion must state a claim upon which relief can be granted, or it is insufficient. Wilton v. Wilton, supra; Olson v. Olson, Mo.App., 184 S.W.2d 768. And, it has been repeatedly held, reasonable and proper notice to the party whose rights are to be affected by the proposed order is a prerequisite to the lawful exercise of the court's power to make the order. Hayes v. Hayes, supra; Burgess v. Burgess, supra; Jack v Jack, 295 Mo. 128, 243 S.W. 314; Baker v. Baker, Mo.App., 274 S.W.2d 322; State ex rel. Tatum v. Ramey, 134 Mo.App. 722, 115 S.W. 458.

In cases dealing with motions to modify divorce decrees the courts have not laid down a definitive rule as to the manner in which notice of the motion must be given to

the opposing party; rather, they have confined themselves to the determination of whether or not the notice given in the case under consideration was valid. See State ex rel. Shoemaker v. Hall, Mo., 257 S.W. 1047; Fernbaugh v. Clark, 236 Mo.App. 1200, 163 S.W.2d 999, 173 S.W.2d 646; Burgess v. Burgess, supra; Baker v. Baker, Mo.App., 274 S.W.2d 322. However, it has been recognized by these and other cases that a summons in the usual form need not be issued and served. A reasonable notice has been held to be such notice or information of a fact as may fairly and properly be expected or required in the particular circumstances. Baker v. Baker, supra.

■ Paragraph (b) of Supreme Court Rule 3.03(a), 42 V.A.M.S., supplementing the Civil Code, provides that when neither the adverse party nor his attorney resides in this state, and the attorney does not maintain an office in this state at which service can be made, service of any pleading, motion, notice, order or other paper, not required by statute, rule or order to be otherwise served, may be made by registered mail, and that proof of such service may be shown by affidavit. That part of Rule 3.03, as we construe it, permits, but does not require, service of a motion to modify, and notice of the hearing, upon a non-resident by registered mail. Certainly there is no more effective means of effecting service upon an adverse party than by the actual delivery to him of a copy of the motion to modify and the notice, whether it be done in Missouri or another state. We are therefore of the opinion that if the motion to modify and the notice of hearing were delivered to the plaintiff in person at the time stated in the return, it was a proper and reasonable notice, even though such delivery occurred in the State of Georgia.

However, it does not necessarily follow, as defendant assumes, that the trial court, by the phrase "defective service", had in mind only the validity of the manner in which the motion and notice were purportedly served. "Defective" is defined in Webster's New International Dictionary, Second Edition, as "Wanting in something essential; incomplete; deficient; faulty." Since a proper notice was a prerequisite to an exercise of its jurisdiction, the court could therefore consider both the manner in which the notice had been allegedly given to plaintiff, as well as the proof thereof. And the court may well have reached the conclusion that the proof of service was insufficient.

■ As stated, the notice in this case bears a certification or return by one D. E. Tatum, whose signature appears over the words "Deputy Sheriff of Fulton County, Georgia." There is no affidavit by Tatum regarding the matters set forth in the return, nor was any evidence introduced in the hearing to support the same. Supreme Court Rule 3.03(a) provides, in part, " * * Pleadings subsequent to the original petition, motions, notices, orders and other papers not required by statute, rule or order to be served by an officer may be served or mailed by any person who would be a competent witness. Service or mailing may be shown by acknowledgment of receipt or by affidavit." It is apparent from this rule that something more than an unsworn statement is required to constitute due proof of service, for it is stated that the proof of service may consist of the acknowledgment of receipt of the motion or notice by the party served, or of the affidavit of the person who mailed or served the same. Testimony of the individual to support the mailing or service presumably would likewise be sufficient, since the rule refers to "any person who would be a competent witness" as one qualified to effect service. This view of the proof of service required by Rule 3.03(a) is supported by Paragraph (b) of the same Rule, heretofore quoted, which provides that service of a motion upon a non-resident may be made by registered mail, "and such service may be shown by affidavit." In the case of Dodds v. Dodds, Mo.App., 328 S.W.2d 724, handed down while this opinion was being prepared, the Kansas City Court

of Appeals held that the filing of the registered return receipt signed by someone other than the adverse party, in the absence of an affidavit of mailing or other proof of service, was insufficient to prove notice.

 The fact that the motion and notice in this case were served by a deputy sheriff of Fulton County, Georgia, would not obviate the requirement of an affidavit to prove the service. The return of a Missouri sheriff, or that of his deputy, on a summons served on a litigant in this state, made in accordance with the statutes, is conclusive as to service, and can be contradicted only in an action for making a false return. Sections 506.150, 506.180; State ex rel. Brown v. Stewart, 313 Mo. 1, 281 S.W. 768; State ex rel. Texas Portland Cement Co. v. Sale, 232 Mo. 166, 132 S.W. 1119. The basis for the rule is that the sheriff is a sworn officer of this state, to whom the law gives credit. Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Stegall v. American Pigment & Chemical Co., 150 Mo.App. 251, 130 S.W. 144. This doctrine of conclusiveness does not extend to the return of a private person appointed to serve a summons. Butler Bros. v. Cantwell, Mo.App., 287 S.W. 794. Section 506.160, subd. 6 permits, in certain instances, service of a summons upon a resident of another state by any officer authorized by the law of that state to serve process in civil actions within that state, but requires that the return be proved by an affidavit of the officer, and that the clerk or judge of the court of which he is an officer certify to his official character. In the absence of a statute or Supreme Court Rule similar to Section 506.160, a sheriff of another state, or his deputy, who effects service of a motion or notice on a resident of that state, does so in a private and not in an official capacity. Therefore, unless his proof of service is supported by the affidavit required by Supreme Court Rule 3.03(a), it is insufficient.

For the reason given, the Commissioner therefore recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.