Charlene GREENE, (Plaintiff) Appellant,

v.

Walter GREENE, (Defendant) Respondent.

No. 49460.

Supreme Court of Missouri,

Division No. 2.

June 4, 1963.

Roscoe B. Turner, St. Louis, for respondent.

Frank Mashak, St. Louis, for appellant.

BARRETT, Commissioner.

On October 5, 1960, Charlene Greene was granted a divorce from Walter Greene. In addition, in the divorce decree and judgment, she was awarded the custody of Karen Jeanene, age 1, $10 a week for Karen's support, and $10 a week alimony. Five months later, March 14, 1961, Walter filed a motion "to modify divorce decree" in which he alleged that there had been an agreement with respect to permanent alimony and that he was without sufficient funds to pay $10 weekly alimony in addition to $10 weekly child support. Subsequently there was a notice from Walter's counsel that the motion would be "called up" in Division 15 on April 21, 1961. On that date defendant filed his "Memorandum for Clerk." This memorandum recites that the motion to modify divorce decree was filed, that Walter appeared in person and by attorney but that Charlene "although having been duly notified failed to appear in person or by attorney. Heard and submitted." Thereafter, May 1, 1961, the court filed its memorandum which recites that on "evidence previously adduced defendant's motion to modify the decree of divorce as to alimony is sustained." Accordingly, on that date, a judgment modifying the divorce decree was entered. The modified judgment reduced the alimony payments from $10 a week to $5 a week. In accordance with this decree, on February 16, 1962, the court quashed Charlene's execution in so far as it attempted to collect alimony in excess of $5 a week. Thereupon she filed

an alternative motion to (1) set aside the order partially quashing the execution, or (2) to grant her a new trial. This motion was overruled on March 26, 1962, and Charlene has appealed.

■ Even though the judgment was final (Mahan v. Mahan, 239 Mo.App. 317, 192 S.W.2d 626), the circuit court did not lose all jurisdiction of the original divorce decree, at least as to the allowance of alimony. V.A.M.S. § 452.070. However, a motion to modify a divorce decree as to alimony is an independent proceeding and an order or judgment entered upon the motion is a final appealable order. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061. One of the essential prerequisites to the modification of a divorce decree is notice to the party adversely affected, a modification without notice is of course a violation of due process. Ex parte Jack v. Jack, 295 Mo. 128, 243 S.W. 314. Whether in a particular case there was proper notice is normally a fact question, and if the question of violation of due process is not timely asserted and kept alive, or is a mere question of fact as in a habeas corpus proceeding, jurisdiction of the appeal is in the appropriate court of appeal. Baker v. Baker (Mo.App.), 274 S.W.2d 322, 325; Ex parte Fernbaugh v. Clark, 236 Mo.App. 1200, 1208, 163 S.W.2d 999, 1003, 173 S.W.2d 646. In this case, at the earliest opportunity, and as soon as it became a matter of consequence to Charlene —upon the partial quashing of her execution—she moved to vacate the order or for a new trial asserting that the modification was "invalid, null and void, by reason of the fact that the Court did not have jurisdiction over the person of plaintiff because no legal notice was given her of said hearing and an opportunity for her to defend the same was a denial of due process and in violation of her constitutional rights under * * * the Missouri Constitution, 1945, Article I, Sec. 10 [V.A.M.S.], and she has been thereby deprived of her property without due process of law in taking from her the legal right of obtaining $5.00 per week alimony from defendant as decreed by the Court in the original decree of divorce awarding her the sum of $10.00 per week alimony and $10.00 per week child support, and therefore said alleged modification reducing alimony from $10.00 to $5.00 per week is null and void and of no legal effect, all of which is shown on the face of the record in this case." Thus, even though the determination of whether there was proper notice of the motion to modify is a simple fact question, a constitutional problem is involved in the appellate jurisdictional sense and jurisdiction of the appeal is appropriately in this court. State ex rel. Shoemaker v. Hall (Mo.), 257 S.W. 1047.

■ At the bottom of Walter's motion to modify the decree and on his notice to take up the motion, there is this notation signed by his counsel: "A true copy of the foregoing motion mailed, postpaid to Charlene Greene, Defendant, 807 Clara, Apt. 34 and to Mr. Frank Mashak, Attorney for Plaintiff, 4114 Olive Street, St. Louis 8, Missouri, this 14th day of February, 1961." Walter's "Memorandum for Clerk" recites that his motion to modify was "called" and was "Heard and submitted." But there is no recital in the memorandum that there was a statement, testimony or other proof as to the service and notice of the motion or of the fact that it would be called for hearing. Likewise there is no recital or finding in the "judgment (Modification of Decree)" as to what, if any, evidence was heard, the judgment entered on May 1, 1961, recites that "The court having heard and duly considered the defendant's motion to modify decree, heretofore filed and submitted herein, and being sufficiently advised of and concerning the premises, doth order that said motion be and the same is hereby sustained, * * *." Subsequently, December 13, 1961, Walter verified a "motion to quash" another execution and in that motion alleged that "Plaintiff was properly served with a Motion to Modify

the alimony and plaintiff knew are (s. i. c.) should have known that on May 1, 1961, this Court modified said decree of divorce to provide that defendant pay the sum of Five Dollars per week alimony." But there was no personal service of the motion on Charlene or some member of her family over the age of 15 (Sup.Ct.Rule 43.01(b) (1, 3) [V.A.M.R.]) and it is not conceded that the notice was personally delivered or received by either Charlene or her counsel (Annotations 42 A.L.R.2d 1115; 62 A. L.R.2d 544, and related subjects 78 A.L.R. 370; 163 A.L.R. 504); they did not appear when the motion was heard (Baker v. Baker, supra) and there is no affirmative showing that they in fact received the motion or the notice that it would be called for hearing. In addition, there is no proof that Mr. Mashak was the attorney for Charlene if and when the notices were mailed to him. Burgess v. Burgess, 239 Mo.App. 390, 395, 190 S.W.2d 282, 284. The burden was upon the respondent Walter Greene to "prove proper notice" Dodds v. Dodds (Mo. App.), 328 S.W.2d 724 before there could be a valid modification of the original divorce decree. The fact of proper notice to Charlene was not established upon the hearing of the motion, and it does not affirmatively appear upon this record and necessarily, therefore, the judgment is reversed and the cause remanded. Burgess v. Burgess, supra; Dodds v. Dodds, supra; Williamson v. Williamson (Mo.App.), 331 S.W.2d 140.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

STORCKMAN and LEEDY, JJ., concur.

EAGER, P. J., concurs in result.