In the Matter of Simone Sandra **LIPSCHITZ, a minor.**

**Shirley S. SCHWARTZ, Petitioner,**

v.

**Aaron LIPSCHITZ, Respondent.**

**No. 34120.**

St. Louis Court of Appeals, Missouri.

March 1, 1971.

Motion for Modification or for Rehearing Denied March 23, 1971.

---

1. State ex rel. Crutcher v. Koeln, 332 Mo. 1229, 61 S.W.2d 750.

Frank Mashak, Morton L. Schwartz, St. Louis, for petitioner.

Homer N. Mastorakos, St. Louis, for respondent.

PER CURIAM:

Shirley S. Schwartz, formerly Shirley S. Lipschitz, by her petition for a writ of habeas corpus filed in this court, seeks to take her daughter, Simone Sandra Lipschitz, from the custody of the father, Aaron Lipschitz.

Petitioner and respondent were married June 24, 1951. Simone was born September 25, 1954. The parties were divorced in 1958. Primary custody of Simone was given petitioner. Thereafter, on February 23, 1966, the decree was modified, awarding major custody to petitioner and temporary custody to respondent for certain periods of time.

On June 30, 1969, the juvenile court of St. Louis County, acting upon a petition filed by the juvenile officer of the court, transferred custody of Simone to the father. Following this, on September 24, 1970, we reversed outright the juvenile court. Lipschitz v. Smith, Mo.App., 459 S.W.2d 17. A repetition of our review of the evidence in that case would serve no useful purpose, and for those interested we refer them to that opinion. The petition in that cause alleged Simone was "without proper care, custody and treatment * * *." After carefully considering and weighing the evidence, we concluded that the charge filed in this petition was not supported by the evidence and that the juvenile court was without jurisdiction to award custody. The reversal was without prejudice to the seeking of a modification of orders. After denial of a motion for rehearing, our mandate was forwarded to the juvenile court, where it was received November 25, 1970. A certified copy was also filed in the circuit court where the divorce was granted. On this same date, a motion for an order to show cause directed to respondent was filed in the circuit court by petitioner. This sought to hold respondent in contempt for failure to return the child to petitioner in accordance with the last order of modification.

Thereafter, in December, 1970, respondent filed a motion to modify the divorce decree and requested that custody of Simone be transferred to him. Dates of transmittal, mailing or service are not clear from the record before us, but it appears that a notice of hearing for January 8, 1971, on this motion was mailed to the attorney for Shirley S. Schwartz. But the setting was never cleared with the court and no date was subsequently determined for hearing the motion. Personal service of the motion to modify, however, was not obtained on Shirley S. Schwartz until January 22, 1971, and her answer to this mo-

tion to modify was not filed until on or about this last date.

In the meantime, petitioner sought and obtained a hearing on her motion to show cause on January 15, 1971. After a hearing, the court found that respondent had not disobeyed any order of the court and was not in contempt of court. The motion for order to show cause was denied and dismissed.

The court then added this paragraph to its order disposing of the motion for order to show cause:

"The Court does further find, order and decree that based upon evidence before it and the Court's opportunity to observe the parties in this cause that it would be to the best interest and welfare of the minor child herein, Simone Lipschitz that the care, custody and control of said minor child be transferred to Aaron Lipschitz during the pendence [sic] of his Motion to Modify for the custody of said child and until further order of this Court. * * *."

Each of the parties rests his or her claim to custody of Simone upon the court order that favors the party. Under the last purported order of the court above quoted, respondent is entitled to custody of his daughter Simone. But under the order of the same court duly entered February 23, 1966, after a hearing on a motion to modify, petitioner is entitled to custody.

Petitioner contends that the last valid order with respect to custody of Simone was that entered February 23, 1966. She challenges the validity of the order of January 15, 1971, awarding ad interim custody of Simone to respondent because the motion to modify had not been served on petitioner until seven days after that date.

■ We agree with petitioner that there is no evidence of valid service of the motion or notice prior to the entry of this last order by the court. There is an admission in petitioner's answer to respon-

dent's return that she received a notice on January 4, 1971, for a hearing on the motion to modify for January 8, 1971, but this setting was not approved by the court and no hearing was held. Personal service of the motion itself was not had until after January 15, 1971. There is nothing to show petitioner received a copy of the motion until after that date. Furthermore, although a hearing was held on January 15, 1971, as to the order to show cause, there was no hearing as to the motion to modify. A motion to modify a divorce decree is an independent proceeding. The motion is treated as a petition in an original action. Summons in the usual form need not be issued and served, for there is no particular method of service prescribed by statute or rule, but reasonable and proper notice of the motion to modify and the time it is to be called for hearing must be given the party adversely affected. And an original decree of divorce and any proper modification thereof are final and binding and cannot be disturbed except upon a proceeding and hearing for that purpose. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, 328 [8, 9, 10]; Williamson v. Williamson, Mo. App., 331 S.W.2d 140, 142[2]; Dodds v. Dodds, Mo.App., 328 S.W.2d 724, 726[3], 727[6]. A movant has the burden of proving proper service of the motion to the adverse party. And proper notice in a custody proceeding is one of the requirements of due process under Section 10, Article I, Missouri Constitution of 1945, V.A.M.S. Greene v. Greene, Mo., 368 S.W.2d 426, 428. The record before us does not show reasonable and proper notice or service of the motion to modify upon petitioner prior to January 15, 1971.

■ It also follows and has been held that an order purporting to rule on a motion to modify without a hearing at which evidence is adduced would be in excess of the court's jurisdiction. Foster v. Foster, Mo.App., 300 S.W.2d 857, 868[4]. And upon proper application prohibition will lie to prevent a court from changing a custody order without notice and a hearing.

State ex rel. Tatum v. Ramey, 134 Mo. App. 722, 115 S.W. 458.

Respondent has suggested in support of his position that a court may go beyond the pleadings in a case involving child custody and award custody even when such award is not sought. He cites, among others, the cases of In re Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S.W. 913, and Allen v. Allen, Mo.App., 433 S.W.2d 580, which last case in turn discusses Missouri cases to the same effect. This, however, is not the issue in the matter before us. The issue here is whether adequate and proper notice and hearing had been given petitioner before the court modified its prior custody order.

In the case before us no issue is raised with regard to the fitness of petitioner to have custody of Simone. No allegations attacking petitioner's fitness appear in the return of respondent. When respondent appeared by counsel in this court on February 10, 1971, at the time this cause was to be argued and submitted, he requested leave to amend his return to allege lack of fitness in the petitioner, but then, before the request could be acted upon, withdrew his request. If such allegation had been made, we, in the interest of the welfare of the child, would have referred this issue for an evidentiary hearing and, based thereon, would have made such orders as to custody as we deemed proper. In re Duncan, Mo. (en banc), 365 S.W.2d 567; In re Shepler, Mo. (en banc), 372 S.W.2d 87. But by failing to make such charge, either in the original return or by amendment, respondent concedes there is no issue as to fitness before us. Neither was there any request in the modification case for an ad interim award of custody in the court below, where upon a showing of facts in a hearing for that purpose, such an award might be made as in State ex rel. Stone v. Ferriss, Mo. (en banc), 369 S.W.2d 244, 250. Nor had there been any claim or showing by evidence that an emergency situation existed which might endanger the safety or health of the child and thereby justify intervention by the court. Foster v. Foster, supra, Mo.App., 300 S.W.2d 857.

The valid order of the circuit court of February 23, 1966, with regard to the custody of the child must prevail until a subsequent valid order modifying the previous order is entered. Such subsequent order must follow proper and reasonable notice and a hearing at which evidence may be introduced. The fitness of petitioner to have custody of her daughter has not been challenged in this proceeding. Rather, respondent has relied on the general theory that the court in which the motion was filed had jurisdiction to enter any order it might deem for the best interest of the child, without following established and time-honored practices and procedures that are so firmly embodied in the law as to be declared constitutional due process. We are not at liberty to support such action by the trial court and will not accept as valid, no matter how well intentioned, that portion of the order transferring custody, which was made in the exercise of power beyond the court's authority to act. For that reason we disregard the order of January 15, 1971, as it concerns custody and look to the order of February 23, 1966, vesting primary custody of Simone in petitioner. The custodial rights of petitioner and respondent must be governed by this last valid order until it is legally changed.

We have considered respondent's motion to quash challenging the writ of habeas corpus on two grounds. The first urges that jurisdiction to determine custody matters in this case has vested in the circuit court; that this jurisdiction is exclusive and cannot be attacked collaterally by the use of a writ of habeas corpus. This, however, is not a valid reason. The law is to the contrary. The writ is properly used to procure custody of a minor child where the award of custody by a court is illegal on the face of the record. The legality of the order may be questioned by habeas corpus. In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, 471[5]. We have already discussed the legality of the proce-

dures as shown by the record before us and have found the circuit court to have been improperly proceeding and without jurisdiction to enter its order as to custody. We, therefore, find the first ground without merit. The second ground concerns a failure to state that no application had been made to or refused by a superior tribunal as required by Civil Rule 91.02, V.A.M.R. This defect was cured by amendment to the petition. Finding no merit to the motion to quash the writ, the motion is denied.

It is therefore ordered that custody of Simone Sandra Lipschitz be remanded to petitioner, Shirley S. Schwartz, in accordance with the custodial provisions of the order of the circuit court of St. Louis County, Missouri, dated February 23, 1966, in the case of Aaron Lipschitz, plaintiff, v. Shirley S. (Lipschitz) Schwartz, Circuit Court No. 219,172, but without prejudice to the right of respondent or any proper party to proceed in the Circuit Court of St. Louis County by motion to modify or by other lawful proceedings in the matter of the custody of said minor child.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.