Erika D. **FINCK**, Plaintiff and Appellee,

v.

Robert W. **FINCK**, Defendant and Appellant,

and

The **United States of America Acting By and Through the Navy Family Allowance Activity**, Garnishee.

Nos. 14295, 14354.

Supreme Court of South Dakota.

Considered on Briefs April 18, 1984.

Decided Sept. 5, 1984.

---

Thomas E. Klinkel of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for plaintiff and appellee.

George J. Rice of Rice & Bowen, Aberdeen, for defendant and appellant.

HENDERSON, Justice.

This appeal stems from a garnishment judgment filed May 31, 1983, and an order dated September 9, 1983, modifying and conditioning the bond for appeal. We reverse.

The parties herein were granted a divorce on May 10, 1982. Per the decree, appellant, Robert W. Finck, was ordered to pay appellee, Erika Finck, $600 a month as alimony, commencing April 1, 1982. Appellant made payments in accordance with the decree for the months of April, May, and June 1982. No payments have been received since. Sometime during this period, appellant left the State of South Dakota under dubious circumstances. It appears from the record that appellant is a fugitive from justice. His whereabouts are unknown to appellee at this time.

On January 13, 1983, delinquent alimony payments were reduced to a money judgment of $4,200 plus attorney's fees and costs, all for a total judgment of $5,700

against appellant. Appellee began garnishment proceedings in aid of execution against appellant's United States Navy retirement benefits. Since late 1982, appellee has instituted these proceedings on a monthly basis. As each month's garnishment is reduced to judgment, summons for the next month's proceedings are issued, whereupon the process is repeated. Appellee receives $436.35 in garnished retirement pay in this manner.

As the whereabouts of appellant are unknown, appellee is only able to accomplish garnishment through service on appellant's attorney, George J. Rice. With each proceeding, appellant's attorney has filed a motion to withdraw as attorney of record, each motion accompanied by an affidavit stating that appellant cannot be contacted and therefore cannot be adequately represented as to his wishes in disposing of these matters. George Rice has filed these motions on September 22, 1982, December 17, 1982, January 13, 1983, March 22, 1983, and April 12, 1983.

The affidavit filed in support of the April 12, 1983 motion claimed that withdrawal should be granted as nothing was pending before the court which would prejudice appellant in any way and notice had been served by United States mail to appellant's last known address. A garnishment judgment had been issued March 28, 1983, and the next proceeding had not yet been commenced.

The court issued findings of fact and conclusions of law and granted a judgment in garnishment on May 31, 1983. This judgment also denied appellant's attorney's motion to withdraw, subject to reconsideration only if appellant "shall first duly and properly appoint a new agent who is a resident of Brown County, South Dakota, to officially receive service of process for any and all matters related to said [Robert W. Finck]."

George Rice filed a "Notice of Appearance as Attorney" for purposes of appeal on behalf of Robert Finck, July 28, 1983. Notice of appeal from the garnishment judgment was filed on that same date.

Pursuant to a motion of appellee, an order modifying and conditioning bond on appeal was issued September 9, 1983. The order required that appellant either post an undertaking in the amount of $20,000 by corporate surety bond to guarantee the payment of all arrearages and judgments previously entered or, alternatively, appear personally in open court and present a cash bond in the amount of $500. Notice of appeal from this order was filed on September 23, 1983.

We are presented with two basic issues: (1) Was it an abuse of discretion for the trial court to refuse the request for withdrawal by appellant's attorney, and (2) was it an abuse of discretion to modify the undertaking on appeal? We separately treat these issues.

## ISSUE I.

■ We hold that it was an abuse of discretion for the trial court to refuse withdrawal of appellant's attorney under these circumstances. In previous affidavits, appellant's attorney repeatedly stated that he was unsuccessful in securing cooperation from his client, that he had written his client innumerable times, but that his letters were never returned. He urged the court that he could not continue to represent appellant without instructions or communications from him as it relates to the various dispositions of the court.

Because appellant's Navy retirement could not be garnished without service of process (see SDCL 21–18–10), the trial court repeatedly conditioned any withdrawal of George Rice as attorney for appellant upon appellant's designating a substitute resident agent for service of process. Under these circumstances, such designation is highly unlikely to occur. As we set forth above, appellant is a fugitive from justice.

■ We fully appreciate the plight of appellee, who will be forced to seek other remedies should this attorney be allowed to withdraw. Nevertheless, we cannot sanction a virtual bondage of appellant's attorney whereby he is punished for the acts of

a client which are totally out of his control. This attorney cannot equitably be forced to act as a conduit for service of these garnishment proceedings. At some point, the attorney-client relationship must be allowed to cease. The presumption of law is that the attorney-client relationship ceases with the termination of the litigation. for which the attorney was retained. *Burgess v. Burgess*, 239 Mo.App. 390, 190 S.W.2d 282 (Kan.App.1945); *Fernbaugh v. Clark*, 236 Mo.App. 1200, 163 S.W.2d 999, 1006 (Kan. App.1942). In this instance, that would be the divorce proceeding. Though arising out of the divorce matters, these garnishment judgments are separate, ancillary, and distinct proceedings.

Appellee cites two Ethical Considerations of the Code of Professional Responsibility * for the proposition that appellant's attorney is duty bound to continue this representation. Appellee's counsel informed the trial court that appellant very well could be an "international fugitive from justice." Yet, this same counselor vigorously contends Attorney Rice should not be able to withdraw as counsel as a Notice of Withdrawal "has never been served on Mr. Rice's client." It is impossible to conceive how an attorney can fairly represent a client, in the best interests of that client, when the client insists on remaining incommunicado.

■ Other than the requirement that leave of court be obtained (SDCL 16–18–31), an attorney's major responsibility in withdrawing from the relationship is notice to the client and any other steps necessary to avoid foreseeable prejudice to the rights of the client. *See* DR 2–110 and EC 2–32 for precautions in protecting the welfare of his client upon the attorney's withdrawal. Examples are: returning a client's documents and property. Appellant's attorney

submitted an affidavit that notice of withdrawal had been sent to appellant's last known address, Robert W. Finck, Box 2010, Sparks, Nevada 89431. Also, of the many correspondences sent to appellant, none had been returned by the post office. "The Code does not say what constitutes 'due notice' in this context, and no court has explicitly construed the phrase." Annot., Code of Professional Responsibility, DR 2–110(A)(2), Comment at 126 (1979). Any prejudice likely to occur to appellant will have been brought on solely by his own acts and not as a result of this attorney's withdrawal.

### ISSUE II.

■ Inasmuch as the client could not be contacted and the burdensome representation of the client continued, it is obvious that this appeal was initiated by Attorney Rice. Therefore, to condition the bond in such terms was an abuse of discretion by the trial court. Such conditions effectively render this attorney liable for the debts of a client to whom he has no further ethical responsibility.

Appellant's attorney filed an undertaking pursuant to and in accordance with SDCL 15–26A–23 (cost bond). This appeal is not from a money judgment; no stay of execution has been requested. Therefore, SDCL 15–26A–31, providing that the bond required for a stay of execution shall be conditioned in such amount and form as the circuit court directs is not applicable. This appeal is solely from the denial of the motion to withdraw.

Appellant is correct in arguing the court has essentially denied the right to appeal by requiring the posting of a supersedeas bond, and therefore has acted outside its statutory authority. Thus, there is an abuse of discretion in requiring a $20,000

---

* SDCL ch. 16–18, Appx., EC 7–9 provides:

   In the exercise of his professional judgment on those decisions which are for his determination in the handling of a legal matter, a lawyer should always act in a manner consistent with the best interests of his client. However, when an action in the best interest of his client seems to him to be unjust, he may ask his client for permission to forego such action.

EC 7–10 provides:

   The duty of a lawyer to represent his client with zeal does not militate against his concurrent obligation to treat with consideration all persons involved in the legal process and to avoid the infliction of needless harm.

corporate bond or a $500 cash bond coupled with a personal appearance in circuit court, as a condition to this appeal.

We reverse the trial court on both issues.

■ Finally, we note that appellee has requested attorney's fees arising from this appeal pursuant to SDCL 15–17–7. Clearly, she falls within the criteria for granting such under our case law. *Senger v. Senger*, 308 N.W.2d 395 (S.D.1981); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979). Appellee has very few assets, virtually no marketable skills, and minimal income.

However, a grant of attorney's fees in this situation would be unfair. The attorney was forced to bring this appeal because the trial court would not permit him to withdraw as attorney for Robert Finck. He should not, again, be punished because of the acts of a client who has become a fugitive from justice and whose whereabouts are unknown.

Accordingly, we deny the request for attorney's fees.

DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., and WOLLMAN, J., concur in part and dissent in part.

WOLLMAN, Justice (concurring in part, dissenting in part).

I would affirm the order denying appellant's attorney's motion to withdraw as counsel. Granted that the trial court's refusal to permit attorney Rice to withdraw was based upon its desire that appellee should have someone upon whom to effect valid service of the garnishee summons and affidavit, *see* SDCL 21–18–10, I would hold that in the circumstances of the case before us the trial court's decision did not constitute an abuse of discretion. Inasmuch as appellee's claim for the arrearages in alimony has been reduced to judgment and that the monthly garnishment proceedings are the only legal procedure available to her to collect on this judgment, I simply cannot see how attorney Rice is being subjected to bondage or punishment merely by being required to act as a conduit for the service of those garnishment proceedings. In view of the extant judgment, appellant appears to have no defense to the monthly garnishment proceedings. Hence, there is little for attorney Rice to do other than to forward to appellant the monthly garnishment papers, hardly an onerous burden.

If appellant himself is desirous that the attorney-client relationship between him and attorney Rice should be permitted to cease, he need only comply with the trial court's condition. I quite agree with the majority opinion that given the nature of the circumstances under which appellant departed the state, it is highly unlikely that he will accede to this condition, but I hardly think that that is a matter that should cause us much concern.

I agree that inasmuch as the appeal is not from a money judgment and no stay of execution has been requested (indeed, there could hardly be a stay of something that was not granted), the trial court should not have required more than the cost bond provided for by SDCL 15–26A–23.

I would award appellee $1,500.00 attorney fees for this appeal, to be payable by appellant himself and not by attorney Rice.

I am authorized to state that Chief Justice FOSHEIM joins in this concurrence in part and dissent in part.