STATE of Missouri, ex rel. Terry Gene PERRELLA, Relator,

v.

The Honorable Thomas K. McGUIRE, Associate Circuit Judge of the Circuit Court of Greene County, Missouri, Respondent.

No. 15575.

Missouri Court of Appeals, Southern District, Division Two.

May 18, 1988.

Cheryl Ann Capages, Springfield, for relator.

Lee Chestnut, Springfield, for respondent.

FLANIGAN, Judge.

This is a prohibition proceeding, Rule 97,[1] instituted in this court by relator Terry Gene Perrella against the Honorable Thomas K. McGuire, Associate Circuit Judge of the Circuit Court of Greene County, Missouri, respondent. At issue is the validity of an order entered by respondent on January 13, 1988, by the terms of which "full custody and control of the minor child, Jennifer Jean Perrella, born September 9, 1984," was transferred from relator, Jennifer's father, to Geri Perrella, Jennifer's mother.

The underlying action is a dissolution of marriage proceeding between relator and Geri Perrella. On May 6, 1987, in that proceeding, the court entered a decree dissolving the marriage and awarding custody of Jennifer to relator, subject to visitation rights accorded the mother. The decree permitted the child to visit her mother at the latter's home in California during the Christmas holidays and thereafter to return to relator's home in Missouri. During the Christmas holidays of 1987, Jennifer visited her mother, now Geri Pardieu, in California. On January 9, 1988, Jennifer, accompanied by her mother, returned to Missouri and was delivered to relator.

On January 10, 1988, relator and Jennifer's mother signed a document, Exhibit B, which reads:

"January 10, 1988
TO WHOM IT MAY CONCERN:

My daughter Jennifer Perrella has my permission to live with her mother Geri Pardieu from today until such time as she desires to return home. During this period I will send Geri Pardieu fifty dollars a week for support of Jennifer and continue her college trust of a $200.00 savings bond every fifth week.

Geri Pardieu, Jennifer's mother, agrees to apply $50.00 a month child support ordered by the court to clothing. Geri Pardieu has full authority for medical care or whatever other care she deems necessary for Jennifer.

Geri Pardieu agrees to return Jennifer home if Jennifer so desires to live with her father.

Geri Pardieu agrees to release Jennifer to her father any time he flies to Los Angeles to visit her.

/s/ Terry Perrella
/s/ Geri Pardieu"

Exhibit B bore the signatures of two witnesses.

On January 13, 1988, C. LeCompte, attorney for the mother, presented Exhibit B to respondent. No petition to modify the decree of May 6, 1987, was filed. No notice was given relator and no process was served upon him. No testimony was introduced.

On January 13, 1988, respondent entered, in the underlying action, the challenged order which purported to transfer Jennifer's custody to her mother and to modify the child support provisions of the decree of May 6, 1987. The order contains a recit-

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

al that the court "had reviewed the written statement of [Terry Gene Perrella]" and was "fully advised in the premises."

On January 14 or January 15, 1988, relator filed a motion which requested that the order of January 13, 1988, be set aside. On January 15, 1988, respondent, in the presence of counsel for relator and counsel for the mother, denied that motion. Relator then filed this proceeding and this court issued its preliminary order in prohibition. For the reasons which follow, this court holds that respondent's order of January 13, 1988, was void and makes its preliminary order in prohibition absolute.

The final judgment in a dissolution of marriage proceeding does not divest the court of continuing jurisdiction to modify that judgment as to custody or support, *Burchett v. Burchett*, 572 S.W.2d 494, 497 (Mo.App.1978), but before the custody decree is modified the court must find "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child...." § 452.410. Similarly, § 452.370 permits modification of a support decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable...."

■ Exhibit B, which does not on its face purport to be a petition for modification of the decree of May 6, 1987, does not qualify as a petition for modification because, contrary to the mandate of § 452.455.1, it is not verified. The lack of verification is a jurisdictional defect. *Craighead v. Craighead*, 710 S.W.2d 501, 503[1] (Mo.App.1986). A petition for modification of a custody decree must state "the necessary facts," *Dodds v. Dodds*, 328 S.W.2d 724, 727[6] (Mo.App.1959), that is it "must state a claim upon which relief may be granted or it is insufficient." *Hayes v. Hayes*, 252 S.W.2d 323, 328[8] (Mo.1952). A proper petition for modification and proper notice are jurisdictional requirements and the instant failures to meet those requirements are independent reasons for the invalidity of the order of January 13, 1988. *In re Cook*, 691 S.W.2d 243, 245[2] (Mo. banc 1985); *Kipper v. Vokolek*, 546 S.W.2d 521, 526, 527[13, 14] (Mo.App.1977); *Flickinger v. Flickinger*, 494 S.W.2d 388, 392[4] (Mo.App.1973); *In re Lipschitz*, 466 S.W.2d 183, 185 (Mo.App.1971); *Dodds v. Dodds*, supra, at 726, 727[3, 6]; *Hayes v. Hayes*, supra, at 327–328.

Before the court could modify the decree of May 6, 1987, relator, being a "parent whose parental rights have not been previously terminated," was entitled to service of notice, § 452.455.2. Relator had the right to file a verified answer to a proper petition for modification within 30 days after date of service or within 45 days if served by publication. § 452.455.2.

■ Any purported agreement between the parents with respect to the custody of the child would not be binding on the court. *Turpin v. Turpin*, 570 S.W.2d 831, 833–834[1] (Mo.App.1978). "Custody of infants cannot be bartered and traded as goods in the market place, so as to foreclose a judicial determination as to the present welfare and best interests of the child." In the *Matter of W___ K___ M___*, 537 S.W.2d 183, 185–186[4] (Mo.App.1976). Even a stipulation by the divorced parents with respect to the modification of a child custody decree is insufficient. *Riley v. Riley*, 643 S.W.2d 298, 300 (Mo.App.1982).

■ Unless and until the decree of May 6, 1987, is validly modified, relator is entitled to custody of Jennifer. *In re Cook*, supra, at 245[8]; *In re Lipschitz*, supra, at 186[6]; *Dodds v. Dodds*, supra, at 726. Respondent was unauthorized to modify the original decree of May 6, 1987, which vested custody in relator, without holding a hearing and receiving evidence in support of a proper application. *Riley v. Riley*, supra, at 300[2]; *Fleming v. Fleming*, 562 S.W.2d 168, 170[1] (Mo.App.1978); *In re Lipschitz*, supra, at 185[4] (Mo.App.1971); *Dodds v. Dodds*, supra, at 727[6]; *Hayes v. Hayes*, supra, at 328; *State ex rel. Tatum v. Ramey*, 134 Mo.App. 722, 115 S.W. 458, 459 (1909).

Here there was no proper petition for modification, no notice was served upon relator, relator was not afforded an opportunity to be heard, no hearing was conducted, and no evidence was received. These are jurisdictional defects and each of them is fatal to the purported order of January 13, 1988.

The preliminary order in prohibition is made absolute.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.