In the Matter of L. G.

S. J. D., formerly known as S. J. G., Petitioner,

v.

A. J. G., Respondent.

No. 34844.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 13, 1973.

Benson Cytron, House Springs, for petitioner.

Shaw & Howlett, Keith W. Hazelwood, Clayton, for respondent.

WEIER, Judge.

This is a habeas corpus proceeding brought by the divorced mother of a minor child to obtain custody of the child from the father. Because the respondent father alleged in his return to the writ that the petitioner was unfit to have actual custody of the child, we certified the cause to the St. Francois County Juvenile Court for a hearing and recommendation on the fitness issue, under the authority of § 211.051, RSMo 1969, V.A.M.S. Pending that hearing and recommendation, we ordered that the temporary custody of the child be placed with the petitioner mother who had been awarded custody in a prior order of the circuit court of St Francois County in the divorce action.

When the hearing was held by the juvenile court, since the judge of that court was also judge of the circuit court, it was stipulated by the parties that the testimony heard with respect to the habeas corpus matter should also be considered by the circuit court in conjunction with the father's pending motion to modify the court's order of custody in the divorce action. Upon conclusion of the hearing, the judge of the juvenile court of St. Francois County prepared and forwarded to this court its findings and recommendation that the temporary placement of the child with the mother, previously ordered by this court, be made permanent as being in the best interests of the child.

■ The petitioner, mother of the minor child, first contends that since the circuit court of St. Francois County had jurisdiction in the divorce action, and since the motion to modify was and still is pending, this court was without jurisdiction in referring the question of fitness of petitioner to the juvenile court of St. Francois County. She urges that this court proceed to order the custody of the minor child be placed in her in accordance with the judgment of the circuit court of St. Francois County in the divorce action. She asserts that the circuit court of St. Francois County has exclusive jurisdiction to determine, as between the divorced father and mother, who shall have custody of the minor child. We have reviewed the authorities and have concluded that the petitioner is correct in her contention that this court, based upon the facts here presented, lacks any substantial basis to exercise its jurisdiction to inquire into her fitness to receive custody of the child, since that issue has already been determined by a court of competent jurisdiction, and further, this issue is now in contention between the parties on a motion to modify in the divorce action.

■ Our action in this case in proceeding to determine what we consider to be the best interests of the child, after the issue of fitness was raised by the respondent, in large part had its genesis in general statements with respect to the obligations of a court in a habeas corpus case. For example, in In re Shepler, 372 S.W.2d 87, 90[2] (Mo. banc 1963), wherein the court quoted with approval a portion of our opinion in Ex parte De Castro, 238 Mo.App. 1011, 190 S.W.2d 949, 951[1, 2] (1945), a habeas corpus case, it was stated:

"There is, however, a still further issue which inheres in the case by reason of its subject matter. This is the issue of the welfare of the child, which is an issue always to be kept in view in all legal proceedings involving the custody and control of a minor child as to which the state stands in the relation of parens patriae. In other words, whenever a minor child is brought within the jurisdiction of a court for an adjudication with respect to the question of its custody, the child becomes the ward of the court; and in determining the question of its ultimate disposition, the child's well-being is of paramount consideration, and the rights and claims of the contending parties, even in the case of the parents themselves, must be subordinated to what the court may conclude will be for the best interests of the child. Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286.

"Nor does it affect the application of this doctrine that the proceeding in which the child's custody is in issue may be, as in this case, a proceeding in habeas corpus, which is basically and essentially a legal remedy. This for the reason that where the writ is availed of for such a purpose, the proceeding is not aimed at freeing the child from some illegal restraint or imprisonment as in the case of the ordinary issuance of the writ, but instead is directed towards securing an adjudication by the court upon the question of what will best promote the well-being of the child, whose custody must be vested in one person or another. In such an instance the nature of the inquiry makes the proceeding one of an

equitable nature; and the question of either party's strictly legal right will be measured in terms of the welfare of the child. Ex parte Badger, supra; 25 Am. Jur., Habeas Corpus, secs. 78–80; 39 C.J. S. Habeas Corpus § 41."

The same broad language, in part, was quoted with approval in In re Duncan, 365 S.W.2d 567, 571[3, 4] (Mo. banc 1963). But in each one of these cases the subject of the custody of the minor child or children had not been given a full hearing before a court of competent jurisdiction other than the one hearing the habeas corpus proceeding. In *Shepler,* the divorce proceeding had been terminated by the death of the mother. In *Duncan,* the divorce hearing and decree awarding custody to the father had proceeded upon default with no actual notice to the defendant mother. She had disappeared, and the children were living with their maternal grandparents. In *De Castro,* there had been no divorce proceeding, the father was dead, and the habeas corpus proceeding was brought by the mother against the paternal grandmother. The unusual circumstances, however, that existed in those cases are not present here. Here, both the petitioner and the respondent are parents of the child who is the subject of this habeas corpus case. The custody of the child had previously been determined by a court of competent jurisdiction in a divorce proceeding, and her custody is now being litigated in that court on a motion to modify the divorce decree. The writ of habeas corpus may be employed to exercise the right of lawful custody, but it may not be employed to interfere with the inherent right and jurisdiction of the circuit courts to determine and award custody of the minor child in cases where they have proper jurisdiction, and in which they have exercised that jurisdiction by making a custody award.

State ex rel. Dubinsky v. Weinstein, 413 S.W.2d 178, 181[5] (Mo. banc 1967); In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, 471[6] (banc 1955); State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S.W. 2d 558, 562[4] (banc 1947).

In its latest pronouncement in this area, the Missouri Supreme Court, in W. v. M., W. & W., 490 S.W.2d 64, 67[1–3] (Mo. banc 1973), ruled that the case before it did not fall in the category of cases where a court of competent jurisdiction had previously adjudicated custody. It was pointed out that habeas corpus would be the conventional remedy in such circumstances. There, the issue of custody took on added significance where the respondent was a putative father who asserted facts which, if true, would lead to the conclusion that the petitioner, although being the natural mother, was unfit to have custody of the children involved. Such a case would fall within one of the exceptions to the general rule prohibiting inquiry as to fitness, and would compel that issue to be adjudicated in the habeas corpus proceeding.[1]

Although habeas corpus may be resorted to in order to enforce the custody provisions of a divorce decree, absent unusual circumstances, the writ may not as a general rule be employed to interfere with the jurisdiction of the divorce court to award custody of the minor children. Such unusual circumstances do not exist here. Even though the issue of fitness was here raised by respondent, that issue was properly before the circuit court in the divorce proceeding. Thus our reference of the question of fitness to the Juvenile Court of St. Francois County was unwarranted.

We, therefore, direct that temporary custody heretofore awarded the petitioner be made permanent in accordance with the divorce decree. This finding and determina-

1. A discussion of the various cases and authorities in connection with the right of a court in habeas corpus to inquire as to fitness of the parties, and to make an adjudication as to custody based upon that inquiry, will be found in an article entitled: The Status of the Missouri Law in the Troubled Area of Child Custody, 27 Mo.L.Rev. 406, 453 (1962).

tion in habeas corpus is without prejudice to the parties in any custody proceeding properly before the circuit court of St. Francois County at this time or in the future, and shall not indicate any determination by this court as to fitness of the parties in any custody matter now lodged with the court. Costs of this proceeding are awarded to the petitioner and against the respondent.

 In connection with the question of costs, it has been urged upon us by counsel for petitioner that we should allow her attorney's fees and the cost of printing petitioner's brief for this proceeding. Ordinarily, attorney's fees are recoverabe only when specified by contract or statute, or as a measure of damages arising from collateral litigation involving the wrong party, or in certain situations where a court of equity finds the award necessary to balance benefits. Duncan v. Townsend, 325 S.W.2d 67, 71[7, 8] (Mo.App.1959). The petitioner contends that this court has authority to make the award of attorney's fees in this instance because, when fitness of one to have custody of a minor child is placed in issue, the action is converted to one in equity. As authority for this proposition, petitioner refers the court to the case of I_____ v. B_____, 305 S.W.2d 713 (Mo.App.1957). This was a case where the parents had obtained a divorce in a foreign jurisdiction and had filed a suit in this state to determine the custody of a child. As pointed out in that opinion (l.c. 722[14–17]), the case was one in equity, and it has long been a part of the inherent powers of a court of equity to award suit money. But a habeas corpus proceeding is not one in equity. And even if the circumstances had justified our decision to determine the issue of fitness in this case, the action would not have been converted into one in equity by the introduction of this issue. When the issue of fitness is properly raised, the proceeding is not then an equitable proceeding, but is merely characterized as "one of an equitable nature". W. v. M., W. & W., *supra*, 490 S.W.2d 64,

67[4, 5] (Mo. banc 1973). Accordingly, this court has no power to award attorney's fees in this proceeding.

DOWD, C. J., and SIMEONE, J., concurs.