**In re R. L. K., a minor.**

**F. G. C., a/k/a G. C., Petitioner,**

**v.**

**H. K., a/k/a E. H. K., Respondent.**

**No. 35443.**

Missouri Court of Appeals,
St. Louis District,
Division 2.

March 22, 1974.

Marvin Q. Silver, Nelson B. Rich, St. Louis, for petitioner.

W. H. S. O'Brien, Festus, for respondent.

GUNN, Judge.

We are asked by R. L. K.'s mother to issue a writ of habeas corpus directing the father to return his 13 year old son to the custody of the mother.

R. L. K.'s parents were divorced in St. Louis on February 7, 1962 and the St. Louis Circuit Court awarded custody of R. L. K. to his mother. The mother and father subsequently married again with the mother's subsequent marriage ending in divorce.

On September 7, 1972, R. L. K. was found by the St. Louis Juvenile Court to be a chronic truant and placed under the supervision of the court for six months. On September 8, 1972, the mother signed an informal statement purporting to relinquish custody of R. L. K. to his father in De-Soto, Missouri. There was no court order, action or sanction on the custody release.

While living with his mother, R. L. K.'s behavior was opprobrious and uncontrollable both at school and at home. He cursed frequently, had temper tantrums, and his school attendance record was dismal. His change of character while with his father was remarkable. He became virtually a straight A student with a perfect attendance record. He regularly attends church and church school and has become a model of decorum. The mother now seeks his return.

The petition for writ of habeas corpus alleged that the mother's custody of R. L. K. was not modified by court order, and indeed it was not. But upon the assertion of the mother's unfitness by the father, we improperly certified the matter to the Jefferson County Juvenile Court for hearing and recommendation, and that court recommended that it would be in the best interest of R. L. K. if custody were transferred to the father.

We can find no court order which has modified the custody award of the St. Louis Circuit Court which granted the parents' divorce and granted custody of R. L. K. to the mother. The mother asserts that when there is another adjudicatory forum available we should not determine fitness or custody in a habeas corpus proceeding. Her position is legally correct.

According to In re Wakefield, 365 Mo. 415, 283 S.W.2d 467 (banc 1955):

"An order awarding the custody of a minor child, and contained in an unappealed decree of divorce, is a final order entitled to the force and effect of a final judgment, unless and until modified by the court making the decree." l. c. 471.

Recently, in In re L. G., 502 S.W.2d 33 (Mo.App.1973), this court found as unwarranted the referral of the question of fitness to the St. Francois County Juvenile Court for the reason that:

"The writ of habeas corpus may be employed to exercise the right of lawful custody, but it may not be employed to interfere with the inherent right and jurisdiction of the circuit courts to determine and award custody of the minor child in cases where they have proper jurisdiction, and in which they have exercised that jurisdiction by making a custody award." l.c. 35.

The St. Louis Circuit Court has exercised jurisdiction by awarding custody of R. L. K. to his mother. We are unable to find a modification of that custody award by any court having jurisdiction. Nor are we able to find facts which would bring this case under the exceptions to *Wake-*

*field* as found in In re Duncan, 365 S.W. 2d 567, (Mo. banc, 1963), In re Shepler, 372 S.W.2d 87 (Mo. banc, 1963), State v. Weinstein, 413 S.W.2d 178 (Mo. banc, 1967), and W. v. M., W. & W., 490 S.W.2d 64 (Mo. banc, 1973). We are therefore constrained to hold that the St. Louis Circuit Court, which granted the mother custody of R. L. K. in divorce proceedings, is the proper forum to determine the mother's fitness and whether there should be a modification of the custody award.

The position in which we find ourselves and conclusion we reach is well expressed in In re Wakefield, *supra,* 283 S.W.2d at 473:

"We do not in any sense disregard the principle, so ardently advanced by respondents, that the welfare of the child is the paramount consideration in adjudications of the right to custody. We recognize that principle and endorse it fully. We do say, however, that this question, as all others, must be considered in the orderly process of judicial procedure; when the right to custody has once been finally determined and the award thereof becomes a final judgment, no other court may interfere, at least under the circumstances present here."

We cannot end this matter with a cold recitation of the law. We are much distressed that the routine to which R. L. K. has so well adjusted should be disrupted by the return of R. L. K. to his mother while a custody modification hearing takes place in St. Louis. Many of the circumstances which apparently led to R. L. K.'s difficulties continue to exist at his mother's home. The mother works from 5 to 11 p. m., his old neighborhood and school where he had problems are the same, and his unwed mother lives with a married man under the aegis of propriety that she will marry him as soon as he gets divorced from his wife. We therefore urge in the best interest of R. L. K. that he be permitted to remain with his father—at least during the school year—while the con-

test for his custody rages in the St. Louis Circuit Court.

The petition for habeas corpus is granted but without prejudice to the right of any proper party to proceed in the St. Louis Circuit Court in the custody matter of R. L. K.

SMITH, P. J., and CLEMENS, J., concur.