In re Elizabeth LECHLITER and Bonnie Jean Lechliter.

Evadeen WHITE, Relator,

v.

Eddie J. LECHLITER, Respondent.

No. 48329.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1984.

Robert M. Clayton, II, Charles E. Stine, Jr., Hannibal, for petitioner.

Marion F. Wasinger, Wasinger, Parham & Morthland, Hannibal, for respondent.

## ORDER

Answer of Eddie J. Lechliter and reply of Evadeen Lechliter, now White, filed. Cause called and arguments of counsel heard. Pursuant to Rule 91.16, the Court had ordered that Bonnie Jean Lechliter not be present in Court.

After hearing, the Court finds the allegations of the Answer are insufficient to establish Eddie J. Lechliter's right to present custody of Bonnie Jean Lechliter. The dissolution decree provides "that the care and custody of ... Bonnie Jean Lechliter is given to Evadeen Lechliter." No modification of that decree has been made. Pursuant to that decree, Evadeen Lechliter, now White, is entitled to the custody of Bonnie Jean Lechliter. Habeas corpus is the proper remedy to enforce that custody. Where, as here, there exists a subsisting modifiable custody order the court does not review questions of fitness or welfare. *In re L.G.*, 502 S.W.2d 33 (Mo.App.1973); *In re R.L.K.*, 508 S.W.2d 232 (Mo.App.1974).

The Court orders the custody of Bonnie Jean Lechliter be returned forthwith to Evadeen White without prejudice to and pending disposition of Eddie J. Lechliter's pending Motion to Modify the Decree of Dissolution. The parties' attention is directed to the penultimate paragraph of *In re R.L.K., supra.*

*So Ordered.*

SMITH, P.J., and SATZ, J., concur.

DOWD, C.J., dissents in separate opinion.

DOWD, Chief Judge, dissenting.

We are asked by Bonnie Jean Lechliter's mother to issue a writ of habeas corpus directing the father to return his nine year old daughter to the custody of the mother. The majority has agreed and ordered Bonnie Jean Lechliter to be returned to her mother pursuant to a dissolution decree allegedly awarding her sole custody. I disagree and respectfully dissent.

The mother originally petitioned for a writ of habeas corpus in the Monroe County Circuit Court. Said writ was denied on February 9, 1984, after a full hearing including testimony from the child, her father, teacher, and principal where the court found it was in the best interest of the child that she remain with her father. It further stated that it would be devastating for the child to uproot her not at a natural break in the school year especially where the mother had already voluntarily permitted Bonnie Jean to stay with her father almost three years, and the child expressed her desire to remain with him.

Bonnie Jean's parents were divorced on June 15, 1981, and the Monroe County Circuit Court adopted an agreement entered into by both parties providing in pertinent part that:

the care and custody of Elizabeth Lechliter and Bonnie Jean Lechliter is given to Evadeen Lechliter. Eddie J. Lechliter shall have visitation privileges with the children every other weekend during the school year from 4:00 o'clock P.M. Friday evening until 6:00 o'clock P.M. Sunday evening, alternate major holidays of Christmas, New Years, 4th of July, Thanksgiving, and six consecutive weeks

during the summer school vacation, Eddie J. Lechliter to pay the cost of transportation in bringing the children to and from the home of Evadeen Lechliter.

It is FURTHER ORDERED that J. Lechliter shall pay for the care and support of the children while they are in his home and Evadeen Lechliter shall pay for the care and support of the children while they are in her home provided *that the children remain with each parent on an approximately equal time.* In the event *one parent has the children more than half the time, the other parent will pay the parent so keeping the children,* child support on an amount agreed upon between the parties and in the absence of agreement in such amount as may be set by the court on motion for child support. [Emphasis ours].

Immediately following the divorce, Bonnie Jean and her sister, who is not a subject in these proceedings, went to live full time with their father and his mother, except for certain visitation periods with the natural mother. In the years Bonnie Jean has been living with her father, she has adjusted well to school, is an above-average student, has established firm· relationships with her peers, and has never been considered a disciplinary problem. Both parties have remarried. The father made a motion to interpret and if necessary modify the decree when he was informed the mother intended to move to New Mexico. She now seeks Bonnie's return.

The petition for writ of habeas corpus alleges the mother's custody of Bonnie was not modified by the court order. In support of this, she argues that when there is another adjudicatory forum available we should not determine custody since an order awarding the custody of a minor child is a final order entitled to the force and effect of a final judgment, unless and until modified by the court making the decree.

See *In Re R.L.K.,* 508 S.W.2d 232, 233 (Mo.App.1974).

First, a proceeding in habeas corpus is essentially a legal remedy but where it is resorted to secure the custody of a child, the proceeding becomes one of an equitable nature and the rights of the parties will be measured in terms of the welfare of the child. *Ex parte De Castro,* 238 Mo.App. 1011, 190 S.W.2d 949 (1945); *In Re Wakefield,* 365 Mo. 415, 283 S.W.2d 467 (banc 1955). The claims of contending parties must be subordinated to what the court may conclude would be in the best interest of the child. *In the matter of W.K.M. v. W.E.M.,* 537 S.W.2d 183 (Mo.App.1976). I do not dispute that there is now pending in the Monroe County Circuit Court, a motion to modify the existing decree. If the mother's claim were based on a clear award of sole custody, I would feel constrained to agree with the majority and order Bonnie Jean returned to her mother. However, the decree in this case does not clearly award sole custody to the mother but instead by virtue of the final paragraph, purports to award joint custody or at least the option to share custody to both parties. While the settlement was not labeled a "joint custody" agreement, its effect was to award some type of shared custody by providing for support payments in the event one parent had the children more than half of the time. Joint custody was not an option available to the parties at the time of this divorce and general custody must clearly have been given to one parent or the other.

The award of custody in the first paragraph to the mother must be reconciled with the inconsistent final paragraph which, I believe, reflects the parties' intention to share custody. While the record plainly shows this "joint custody" provision was a matter of stipulation and agreement between the parties, custody had to be awarded to one parent. This rule had not been changed at that time by § 452.375 RSMo 1978, which specifies factors to be used in determining child custody.[1] See

1. Section 452.375 has been amended effective September 28, 1983, to provide for joint custody awards.

*Cradic v. Cradic,* 544 S.W.2d 605 (Mo.App. 1976); *Brand v. Brand,* 441 S.W.2d 750 (Mo.App.1969). This case is factually distinguishable from the habeas proceedings cited by the majority, and the custody portion of the decree should be declared void. At the very least, the award, when read in its entirety, is unclear as to who was in fact entitled to sole custody of Bonnie thereby vesting equal custody rights in both natural parents.

I would also note that Bonnie Jean has adjusted to a well established routine while living with her father for almost three years. Both her teacher and principal testified she has attended kindergarten through third grade at the same school. They also testified she was never a disciplinary problem and seemed emotionally well developed. I do not dispute the fact that the proper forum to determine Bonnie Jean's custody is the Monroe County Circuit Court. However, in all proceedings involving the custody and control of a minor child, the statute stands in the relation of parens patriae, and I emphasize that the child's welfare must be our main concern where an ambiguous and probably void decree is the sole basis for granting a writ of habeas corpus unnecessarily disrupting a nine year old child's established routine.

I am also distressed by the fact that after the writ hearing below, both the court and the father's attorney were ready to proceed with the modification hearing, while the mother's attorney declined to do so and when questioned by this court as to the reason for the delay cited a need for more time to engage in discovery. We should not condone the use of children as pawns in these custody disputes, and it is the court's duty to protect their interests wherever possible. A cold recitation of general case law should not be the controlling factor and each case should be decided on its own facts by carefully reviewing both the actual decree upon which the writ is based and the inherent rights of the natural parents.

The mother in this case has no right to sole custody of Bonnie pursuant to the decree in question. Since both she and the natural father have equal right to the child, a writ of habeas corpus should not lie. I would order the preliminary writ quashed as improvidently granted. Absent a clear and final decree of sole custody to the mother, the father, as a natural parent, also has a right to the physical custody of Bonnie Jean until a determination is made on the now pending motion to modify. I believe it would be in the best interest of the child that the father retain physical custody of Bonnie Jean while the battle for her legal custody is finally decided in the lower court.