**In re Jeremy David COOK.**

**Virginia Sue COOK, Petitioner,**

**v.**

**Danny C. COOK, Respondent.**

**No. 65704.**

Supreme Court of Missouri,
En Banc.

May 29, 1985.

Rehearing Denied June 25, 1985.

244

John W. Dennis, Jr., Michael J. Albano, Independence, for petitioner.

Loramel P. Shurtleff, Gwen P. Froeschner, Columbia, for respondent.

JAMES K. PREWITT, Special Judge.

Through habeas corpus commenced here petitioner seeks custody of Jeremy David Cook, a minor child born of her marriage to respondent. The marriage was dissolved on September 15, 1976 by the Circuit Court of Jackson County, Missouri. In the decree petitioner received custody of Jeremy, subject to specific visitation granted to respondent. On February 22, 1983 the dissolution decree was modified by granting custody of Jeremy to respondent. Respondent has Jeremy and claims custody under that order. Petitioner contends that the modification was void and claims custody under the original decree.

On October 25, 1982 respondent filed in the Circuit Court of Jackson County a motion to modify the dissolution decree, seeking custody of Jeremy. Petitioner was served a copy of the motion on January 25, 1983 in Colleyville, Texas. With it was a summons directing her to file and serve a copy of her pleadings "within 30 days after service of this summons upon you". A hearing on the motion was held on Febru-

ary 22, 1983. Petitioner was not present or represented by counsel and had not filed a pleading. No written notice of the hearing was given petitioner. There was evidence from respondent that he had talked to petitioner the night before the hearing and that she was aware of it. Respondent presented evidence at the hearing and the trial court modified the decree, vesting Jeremy's custody in respondent. Based on that order respondent obtained custody in a habeas corpus proceeding in Texas. Jeremy is now living with respondent in Columbia, Missouri.

Petitioner contends that the order of February 22, 1983 was void because it was entered within thirty days of the service of the summons and motion upon her. Respondent counters that § 452.460, RSMo Supp.1984, a portion of the Uniform Child Custody Jurisdiction Act, applies and thirty days is not required. He bases this contention on § 452.455.2, RSMo Supp.1984. It states:

Before making a decree under the provisions of section 452.410, or sections 452.440 to 452.450, the litigants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child must be served in the manner provided by the rules of civil procedure and applicable court rules and may within thirty days after the date of service (forty-five days if service by publication) file a verified answer. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to section 452.460.

■ Respondent asserts that the last sentence "governs the case before us". We disagree. Section 455.455.2 gives parents served both in and out of state thirty days to plead. Section 452.460 does not change that. It provides for the manner of notice, not the time within which pleadings may be filed. Section 452.460 is set out below.*

* Notice to persons outside this state—submission to jurisdiction.—1. The notice required for the exercise of jurisdiction over a person outside

this state shall be given in a manner reasonably calculated to give actual notice, and may be given in any of the following ways:

■ Petitioner was entitled to thirty days in which to plead before the hearing could be held and as she did not receive that time, the order modifying the decree was void. *Pikey v. Pikey*, 605 S.W.2d 215, 216 (Mo.App.1980). Compare *In re Estate of Patterson*, 652 S.W.2d 252, 255–256 (Mo. App.1983). See also *In re Lipschitz*, 466 S.W.2d 183 (Mo.App.1971). As the order of February 22, 1983 is void, the Texas proceeding would not validate it. *Kipper v. Vokolek*, 546 S.W.2d 521, 527 (Mo.App. 1977).

■ Habeas corpus is properly used to procure custody of a minor child where the award of custody by a court is illegal on the face of the record. *In re Lipschitz*, supra, 466 S.W.2d at 186. Petitioner is entitled to custody of Jeremy under the dissolution decree. In such case in a habeas corpus action no further determination is made.

■ There are situations where the best interest of the child and the fitness of the petitioner may be inquired into upon habeas corpus, see *In re Shepler*, 372 S.W.2d 87, 90–91 (Mo. banc 1963); *In re Duncan*, 365 S.W.2d 567, 571, 4 A.L.R.3d 1270 (Mo. banc 1963); *In re R.D.H.S.*, 370 S.W.2d 661, 666 (Mo.App.1963); however, this is not one of them. Where there is a valid modifiable custody order, questions of fitness of the custodian or welfare of the child are not relevant in habeas corpus. *In re Lechliter*, 667 S.W.2d 722, 723 (Mo.App. 1984).

■ The writ may not be used to interfere with the inherent right and jurisdiction of circuit courts to determine custody of minor children in dissolution cases of which they have proper jurisdiction, and in which they have exercised that jurisdiction by making a custody award of record. *In re Wakefield*, 365 Mo. 415, 283 S.W.2d 467, 472 (banc 1955); *In re R.L.K.*, 508 S.W.2d 232, 233 (Mo.App.1974). See also Smith, *Habeas Corpus in Child Custody Cases—What Hath the Writ Wrought?*, 30 J.Mo.Bar 146, 148–149 (1974).

Until a valid modification, petitioner's grant of custody under the dissolution decree controls, and she is entitled to custody of Jeremy.

The petition for habeas corpus is granted and custody of Jeremy David Cook is remanded to petitioner.

RENDLEN, C.J., and HIGGINS, BILLINGS, DONNELLY and WELLIVER, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

GUNN, J., not sitting.

BLACKMAR, Judge, dissenting.

Under the circumstances of this case, we should exercise our discretion so as to decide, in this habeas corpus proceeding, the best interests of the child. We have a Master's report, issued after a hearing at which both parties had the opportunity to present evidence. I believe that we should now determine custody, rather than remitting the parties to still another hearing in circuit court.

I agree that the order of February 22, 1983 was void. A Texas court nevertheless acted on the basis of this order and delivered the custody of Jeremy to respondent, where it has remained ever since. Our

(1) By personal delivery outside this state in the manner prescribed for service of process within this state;

(2) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction;

(3) By certified or registered mail; or

(4) As directed by the court, including publication, if other means of notification are ineffective.

2. Proof of service outside this state may be made by affidavit of the individual who made the service, or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof of service may be a receipt signed by the addressee or other evidence of delivery to the addressee.

3. The notice provided for in this section is not required for a person who submits to the jurisdiction of the court.

courts have not acted promptly to correct the premature exercise of power. The situation today is substantially different from that of February of 1983. Part of the blame must be assessed against this Court. We should have acted promptly when apprised of the jurisdictional defect. But we accepted original jurisdiction and took steps toward resolution of the merits. In this posture the problem cannot be solved simply by setting the respondent back to square one, or by nullifying the entire play because of a flag. The child has become accustomed to a new environment. His present best interests should be assessed in this context, as soon as possible.

Because the majority of the Court remits the respondent to his remedies in circuit court, I express no opinion as to how I would rule the merits. We are not bound by the Master's report. Having issued our writ, I would proceed to a final decision on the basis of the parties' briefs and arguments now before us.